IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO YEPEZ, et al.,<br><br>　　　　　Plaintiff,<br>v.<br><br>JASPER SEA PALACE, INC., et al.,<br><br>　　　　　Defendants.<br>_____/ | **No. C 08-04411 RS**<br><br>**ORDER GRANTING MOTION TO WITHDRAW AND MOTION FOR LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiffs are former employees of the "Grand Palace" restaurant who contend they should have been paid overtime. At some point in time, ownership of the Grand Palace was transferred from defendant Jasper Sea Palace, Inc. to defendant Tamson Company, LLC. Plaintiffs have named as additional defendants a number of individuals believed to be associated with one or the other of the two entities. Attorney Jonathan T. Nguyen ("J. Nguyen") now moves to be relieved as counsel of record for Tamson, based on a breakdown in the attorney-client relationship. That motion is unopposed, and will be granted.

At the same time, Plaintiffs move for leave to amend their complaint to add the very same J. Nguyen as an additional individual defendant, based on their discovery of documents purporting to

1

show him as holding a majority ownership interest in Tamson. That motion will also be granted. J. Nguyen's arguments in opposition that he never actually held an ownership interest in Tamson perhaps could be raised through a summary judgment motion, but do not support denying leave to amend. Pursuant to Civil Local Rule 7-1(b), both motions will be submitted without oral argument.

## II. BACKGROUND

Plaintiff's original complaint in this action named only Jasper Sea Palace, Inc. and a related individual as defendants. Apparently after learning of the ownership transfer, plaintiffs exercised their amendment as of right to add Tamson and "Ve Le Ngyuen aka Jonathan Ngyuen" as defendants (as well as some other defendants not implicated by these motions).[1] J. Ngyuen, representing, Tamson, then contacted plaintiffs' counsel to assert the following: (1) the name of Tamson's principal is correctly spelled as Vy Le Ngyuen ("V.L. Ngyuen"); (2) V.L. Ngyuen is *not* also known as Jonathan Ngyuen; (3) V.L. Ngyuen and J. Ngyuen are not the same person, or even related; (4) neither V.L. Ngyuen nor J. Ngyuen is the person plaintiffs apparently met at the restaurant known as "John", and; (5) J. Ngyuen has never had any ownership interest or management role in Tamson or the restaurant.

J. Ngyuen demanded that his name (the "aka Jonathan Nguyen") be removed from the complaint. Plaintiffs were willing to do so, but the parties' negotiations for a stipulation broke down over other details. Plaintiffs then filed a motion for leave to amend to remove the "aka Jonathan Nguyen" and to correct the spelling of V.L. Nguyen. Rather than simply acknowledging that this amendment was exactly what he had asked for, and that the motion would therefore not be opposed, J. Ngyuen filed a declaration setting out his version of the communications between the parties. Upon determining that there was no substantive opposition to the motion for leave to amend, the Court granted it.

---

[1] Defendant Lavender Investments, Inc. appears to have entered the ownership chain of the restaurant at some point in time.

2

**No. C 08-04411 RS**
ORDER

Subsequently, plaintiffs discovered documents which state that, contrary to his representations, J. Nguyen is actually a 70% owner of Tamson. These documents include what purports to be a lease assignment from the prior owner of Grand Palace to Tamson that recites: "The Assignee, Tamson Co., LLC is controlled by Jonathan T. Ngyuen, who has a seventy percent (70%) interest and Vy Le Nguyen, who has a thirty percent (30%) interest." Also, plaintiffs obtained an email purporting to be from J. Ngyuen to a real estate broker involved in the transaction, stating, "this shall confirm our telephone conversation wherein I advised you that I am the Managing Member of Tamson Company who has a 70% controlling interest in said company."

In opposing the motion for to leave for to amend, J. Ngyuen does not challenge the authenticity of these documents. He asserts, however, that they represent a plan that was considered, but never carried out, to have him invest in Tamson so that the company could rely on his excellent credit scores to obtain the landlord's approval for Tamson to take over the Grand Palace restaurant. J. Nguyen contends the plan was abandoned when he failed to reach a satisfactory agreement with Tamson, and that Tamson instead secured the landlord's approval by making a very large cash security deposit.

## III. DISCUSSION

### A. Motion to withdraw as counsel

J. Nguyen has made a satisfactory showing that his unopposed motion to withdraw from representing Tamson should be granted. Tamson is hereby advised that it cannot appear in this action except through counsel, and it should promptly make arrangements to obtain new counsel. Pursuant to Civil Local Rule 11-5 (b), J. Nguyen shall continue to accept service on behalf of Tamson (and shall advise Tamson that he must do so), until new counsel for Tamson makes an appearance.

### B. Motion for leave to amend

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Absent any "apparent or declared reason-such as undue delay, bad faith or

3

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Rule 15 thus embraces "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id*. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In short, the policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L. C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Factors which merit departure from the usual "[l]iberality in granting a plaintiff leave to amend" include bad faith and futility. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999). Undue delay, standing alone, is insufficient to justify denial of a motion for leave to amend. *Id*. at 758.

Here, J. Nguyen opposes the motion for leave to amend solely on the basis of his contention that plaintiffs have the facts wrong as to his ownership and involvement in Tamson. Even assuming proof that the plan for J. Nguyen to assume a 70% ownership interest in Tamson and to become its "Managing Member" was abandoned, absence of liability does not necessarily follow, given his apparent representations to third parties that he in fact did hold such an interest at one point in time. More fundamentally, at this procedural juncture, it is not appropriate to resolve the factual question as to whether J. Nguyen is or ever was an owner of Tamson. Accordingly, the motion for leave to amend will be granted.

## IV. CONCLUSION

J. Nguyen's motion for leave to withdraw from the representation of Tamson is granted. Plaintiffs' motion for leave to file the proposed Third Amended Complaint is granted, and they shall file it forthwith.

IT IS SO ORDERED.

Dated: 01/29/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

4

No. C 08-04411 RS
ORDER